### STATE v. SULLIVAN.

1. MOTION TO DISMISS APPEAL.—The consideration of a motion to suspend an appeal and vacate an order of stay postponed until the decision of the appeal on its merits, the two matters being intimately connected.
2. CHANGING PLACE OF TRIAL—JURORS—SHERIFF.—The Circuit Judge ordered the trial of a homicide case to be had in another county, after being satisfied by the oath of witnesses in court that the sheriff was a brother of the person who was killed, had taken part in the drawing of the jurors and, by deputy, in serving them, and would continue to hold the office of sheriff for four years. *Held,* that there was no error in the order changing the place of trial, and that the Court of General Sessions of the county to which the case was transferred had jurisdiction to try it.
3. IBID.—ESTOPPEL.—Can a defendant object to his trial in another county to which the trial has been removed on his motion?

Before IZLAR, J., Anderson, February, 1893.

This was an appeal from an order directing the trial of J.

Mims Sullivan to be had in Anderson County. The State moved to dismiss the appeal, upon which motion the following order was passed April 24, 1893,

PER CURIAM. This is a motion to dismiss the appeal taken by the defendant "from the order and rulings of his honor, Judge Izlar, made on the 13th and 14th days of February, 1893, upon the ground that said appeal is premature and cannot be heard, as no final judgment has been rendered in the cause;" and also a motion to vacate and set aside an order made by Mr. Justice Pope on the 15th of February, 1893, staying all further proceedings in the Court of General Sessions for Anderson County in this case until the appeal above mentioned can be heard and determined, upon the ground "that the said justice had no authority to make such an order." After a careful consideration of this motion, it seems to the court that the questions involved in this motion are so intimately connected with the questions arising on the appeal, as that it will be conducive to the ends of justice, as well as in conformity to the previous practice of this court in similar circumstances, that the questions involved in this motion should be considered in connection with the questions involved in the appeal, so that this court, having the whole case before it, may be the better enabled to determine satisfactorily, the several questions involved.

It is, therefore, ordered, that the further consideration of the questions involved in this motion be suspended until the appeal can be heard; and inasmuch as the appeal could not be heard during the time allotted for the hearing of cases from the Circuit (the Eighth) to which this case belongs, it is ordered, that the appeal in this case be set down for argument in this court on the 26th day of May next, after the regular call of the cases from the several Circuits, as heretofore assigned, shall have been completed. It is further ordered, that the clerk of this court do forthwith furnish the counsel engaged in this cause with certified copies of this order.

The order of Judge Aldrich transferring the case to Anderson County was as follows:

Upon the call of this cause for trial, the defendant submitted in writing a challenge to the array of jurors, both grand and petit.   It appearing, however, that the grand jury was drawn before the commission of the homicide with which the defendant stands charged, so much of the challenge as applies to that jury was withdrawn upon the argument, by counsel for the defence.   As to the petit jury, it was proven, by the evidence of the clerk, the sheriff, the deputy sheriff, and the jury commissioner, that Perry D. Gilreath, Esquire, the sheriff of Greenville, is the half brother of Herman G. Gilreath, with the felonious killing of whom the defendant stands charged in the indictment; that J. H. Ballenger, who summoned the petit jury, is the nephew of the sheriff's wife, and was specially deputized by the sheriff to serve the venire; that the sheriff has agreed to be responsible in part for the fees of counsel who have been employed to assist the solicitor in the prosecution of the cause; that the sheriff was present in the clerk's office when the names of the jurors were drawn from the jury box; that the jury commissioner drew the names from the box, and read them from the slips, while the clerk made a list of them, and the sheriff took each slip from the jury commissioner and placed it in an envelope to be sealed up; that the jury box was kept locked and sealed in the clerk's office, at the request of the jury commissioner, and there is no proof that it has been tampered with.

These being the facts, counsel for the defendant move that the jury be quashed, and that, inasmuch as the sheriff has just been re-elected for a term of four years, the case be removed to another county for trial.   After hearing argument on both sides, I conclude, as matter of law, that the action of the sheriff in taking part in the drawing of the jury, he being the half brother of the deceased, renders it, so far as trial of this cause is concerned, an illegal jury; that in law the return of a jury by a general or special deputy of the sheriff is the act of the sheriff, the act of agent being the act of the principal; and that a jury returned by a sheriff who is a half brother of the deceased, to try the person charged with the murder of the said deceased, is illegally drawn as far as that cause is con-

cerned.    It is old and well-established law that the jurors must
be returned by an impartial and disinterested officer, and that
an officer who is the father, son, brother, half-brother, or other
close kinsman of the deceased, in a case of this nature, is not
impartial, and not disinterested.    The challenge is, therefore,
sustained as to this point; and the array of the petit jury
quashed for the purposes of this cause.

I think the jury box was properly kept in the clerk's office,
and the challenge is overruled as to this ground.

It is due to the sheriff to say, and the court takes pleasure in
saying, that it is evident that he acted conscientiously in these
matters, and under the undoubted belief that he was simply
performing a duty imposed upon him by law.    It is not ques-
tioned that he acted honestly and fearlessly.    He was required
by the statute to summon a jury for this court.    The statute
does not provide for such a contingency as this, and it is not at
all surprising that, being merely an executive officer, he should
have unwittingly fallen into the error complained of.    That he
appreciated the delicacy of his position is shown by the fact
that he appointed for the return of this jury a special deputy
not related by blood to the deceased.

It is ordered, that for the purposes of this cause the array of
petit jurors be quashed, upon the ground that neither the she-
riff nor his deputy was lawfully qualified to draw or to summon
them.    And it appearing to the court from the testimony that
the same condition of things is likely to continue in Greenville
County, it is further ordered, that the record in this cause be
transferred to Anderson County, and that the cause do stand
for trial in said county of Anderson.

In accordance with this order, the record in the case was
sent to the clerk of the Court of General Sessions for Anderson
County, and entered upon the docket of that court for trial at
the February term, 1893.

On the first day of said term (February 13th, 1893), in the
said Court of General Sessions for Anderson County, Hon.
James F. Izlar presiding, a suggestion was made orally to the
court, on behalf of the defendant, that the change of venue or

place of trial of the cause had been ordered and directed by his honor, Judge Aldrich, at Greenville, as above set forth, solely upon the ground of inconvenience, as appeared by the order; that an application for removal was not made to the said judge, "supported by affidavits that a fair and impartial trial cannot be had in the county (of Greenville) where such prosecution was commenced," as provided by the Constitution and statute, as the sole ground upon which, and the only manner in which, the said court for Greenville had the power to change said place of trial; and that the Court of General Sessions for Anderson County was, therefore, without jurisdiction to try the cause.

In the course of argument the presiding judge asked defendant's counsel, "What is the motion before the court?" and remarked, "that without some motion there is nothing to which the argument can be directed, and there can be nothing for the court to decide." To this Mr. Heyward, one of the counsel for defendant, replied in substance, "We have no motion to make." The presiding judge replied, "That being the case, I shall treat it as a motion to change the place of trial back to the county of Greenville, for want of jurisdiction of this court."

After argument the court ruled as follows: "I find this case on the docket of this court, the trial docket, and I presume that it is rightfully here. I have heard nothing in the argument of the motion which satisfies my mind that I should send it back. The motion is, therefore, overruled."

Defendant at once gave notice of appeal from this ruling.

The grounds of appeal were as follows:

I. That his honor, the presiding judge, erred in holding that the court of General Sessions for the County of Anderson has jurisdiction of the cause, and in ordering the cause to trial in said county. *a.* Because it is submitted that his honor, Judge Aldrich, had no authority to change the place of trial of said cause upon the grounds stated in the order of November 16, 1892, and the said court at Anderson, therefore, acquired no jurisdiction under said order. *b.* Because it is submitted that said cause could not be transferred from the County of Greenville to any other county, except upon a showing made by affidavits, to the satisfaction of the presiding judge, that a

fair and impartial trial cannot be had in said County of Green-
ville, which showing was not made in this case. *c.* Because it
is submitted that the order of his honor, Judge Aldrich, in so
far as it was intended to change the place of trial of the cause,
is null and void.

II. That his honor, the presiding judge, erred in holding
practically that he was bound by the order of his honor, Judge
Aldrich, whether the same was valid or not.

III. That his honor, the presiding judge, erred in ordering
the defendant to proceed to trial on Circuit after service of
written notice of intention to appeal to this court.

*Messrs. S. W. Melton, Perry & Heyward, J. W. Gray,* and *J. A.
McCullough,* for appellant.

*Mr. Ansel,* solicitor, contra.

July 19, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. There was a preliminary question
raised in this case by the motion of respondent to dismiss the
appeal upon the ground that under the laws of this common-
wealth regulating appeals in criminal cases, an appeal to this
court does not lie against any interlocutory order of the Court
of General Sessions, but that such appeal must wait until after
final judgment. This court, by its order dated April 24th,
1893, directed that this motion be considered along with the
questions involved in the appeal itself, to be heard on the 26th
May, 1893.

The fundamental question presented by the appeal is as to
the jurisdiction of the Court of General Sessions for Anderson
County to try the defendant for a crime alleged to have been
committed in Greenville County, in which latter county the
defendant resided; where the homicide occurred; and where a
true bill had been found in the Court of General Sessions. We
will not reproduce the orders of Judges Aldrich and Izlar and
the grounds of appeal. They will be set forth in the report
of the cause. But, in order that the contention may be mani-
fest, a brief recital of the facts will be made.

J. Mims Sullivan was charged with the murder of Herman
G. Gilreath on the 14th day of June, 1892, in the County of
Greenville.   At the July term, 1892, of the Court of General
Sessions for Greenville County, a true bill was found against
said Sullivan for such alleged murder.   Sullivan gave notice
at such term of such court that he would move to change the
place of trial to another county upon the ground that he could
not obtain a fair and impartial trial in Greenville County; but
there was a continuance ordered by Judge Fraser upon the
ground of the absence of witnesses material to the defence.   At
the November term, 1892, of the Court of General Sessions for
Greenville County, while Judge Aldrich was presiding, the
defendant Sullivan moved to quash the panel of petit jurors
summoned to serve at that term upon the ground that Perry
D. Gilreath, Esq., as sheriff of Greenville, who was the half
brother of the deceased, Herman G. Gilreath, had acted as a
member of the board of jury commissioners for that county, and
by which board such panel of petit jurors had been selected,
and, also, that said Perry D. Gilreath, Esq., as such sheriff,
had summoned, or caused to be summoned, every one of such
petit jurors for attendance upon the court at that term.   Before
this motion to quash the panel of jurors was heard by the court,
in open court, in answer to the question of the solicitor, the
defendant Sullivan, through his counsel, announced that he
would insist, at the same time and in the same connection, upon
his motion for a change of place of trial to another county.

Testimony was then introduced, and substantiated the fore-
going allegations of fact.   This testimony was at the time
reduced to writing by the official stenographer.   Care was
taken to inform the court that no reflection upon the high
character of the sheriff was intended—all his actings officially
were statutory—and, we may add in passing, that such care
was observed by all the counsel in this court.   At the hearing
before Judge Aldrich, it was established by testimony that
Perry D. Gilreath, Esq., had just been re-elected sheriff for
four years.   On the 16th November, 1892, Judge Aldrich made
an order, whereby he quashed the panel of petit jurors, and
also ordered the record of the cause to be transferred to the

Court of General Sessions of Anderson County, a county adjoining Greenville and in same Judicial Circuit, for trial. At the February term, 1893, of the Court of General Sessions for Anderson County, Judge Izlar presiding, the defendant Sullivan objected to the jurisdiction of the Court of General Sessions for Anderson County to try his cause. The Circuit Judge overruled his objection, and ordered the trial to proceed two days succeeding the date of his order. From this order Sullivan appealed, and having filed the return of his appeal in the office of the clerk of the Supreme Court of this State, an order staying all further proceedings until after the appeal was heard by the Supreme Court was made at chambers by Mr. Justice Pope. In view of the gravity of the charge against the defendant, appellant, this court has determined to waive the further consideration of the preliminary motion of respondent to dismiss the appeal, and pass directly upon the vital issue tendered by the appellant, the alleged want of jurisdiction by the Court of General Sessions of Anderson County to try this defendant.

The arguments by counsel on both sides of the controversy were not only very able, but very comprehensive in the attacks upon and the defences of the conclusions of the Circuit Judge. It may be stated, however, that after a very careful consideration of the arguments and the many authorities relied upon for their support, we are satisfied that if this court should be convinced that the decision of the Circuit Judge is in accord with section 2 of article V. of our State Constitution and the act of the General Assembly designed to carry such constitutional provision into practical operation, there will be no necessity to enter upon the wide field suggested by counsel. Let us, therefore, patiently consider this provision of the Constitution and statute. The section of the Constitution in question is as follows: "It shall be the duty of the General Assembly to pass the necessary laws for the change of venue in all cases, civil and criminal, over which the Circuit Courts have original jurisdiction, upon a proper showing, supported by affidavits, that a fair and impartial trial cannot be had in the county where such trial or prosecution was commenced." The Statute of the State reads as follows: "The Circuit Courts

shall have power to change the venue in all cases, civil and criminal, pending therein, and over which such courts have original and appellate jurisdiction, by ordering the record to be removed for trial to any county adjoining the county in which such action or prosecution was commenced, or to any county in the discretion of the presiding judge: *Provided,* That the application for removal shall be made to the judge sitting in regular term by some party interested, supported by affidavits which shall satisfy the judge before whom the application is made that a fair and impartial trial cannot be had in the county where such action or prosecution was commenced: *Provided, further,* That twenty days notice of such application shall be given to the adverse party." Gen. Stat., § 2114; 14 Stat., 84, 339.

By the "Case" it is established that every requirement of the Constitution and statute in relation to a change of place of trial was met in the cause at bar, unless we should hold that by the use of the word "affidavit" in each, no other mode, of similar effect and solemnity, could be adopted in lieu of "affidavits," at the hearing of such motion, for the purpose of satisfying the judge that a fair and impartial trial could not be had in Greenville County. It must be borne in mind that both the Constitution and statute contemplated that a change of venue, as it is called, should be obtained on a motion therefor, and that the usual method of submitting motions, where questions of fact are involved, is upon affidavits. What is involved in law by the term affidavit? A statement of fact under oath reduced to writing, certified to by the officer before whom the same is made, and usually, though not necessarily, unless required by statute, signed by the affiant. What is the object aimed at under the Constitution and statute? To satisfy the mind of the judge who hears the motion that a fair and impartial trial could not be had in the county where the action or prosecution was begun, and this conviction of the judge must be founded on *sworn statements.* In the case at bar, the defendant, appellant, introduced the witnesses in open court; these witnesses were sworn in the presence of the judge, and their statements reduced to writing at the time and place

by the official stenographer. We hold this to be a satisfactory
   compliance with all the requirements on this subject.

3   And, if it were necessary, we would go further and hold
     that the moving party, the appellant here, should not
be allowed to deny this result.

It is the judgment of this court, that the judgment of the
Circuit Court be affirmed, and that the cause be remanded to
the Court of General Sessions for Anderson County for trial
there.

MR. CHIEF JUSTICE McIVER. I concur in the result. It
seems to me that, after the Circuit Judge had reached the con-
clusion that the challenge to the array of the petit jurors must
be sustained, upon the ground that such jurors had been
drawn and summoned by officers who, by reason of their rela-
tionship to the deceased, could not lawfully be regarded as
impartial and disinterested officers, it must necessarily be con-
sidered that he, at the same time, determined that the accused
could not obtain a fair and impartial trial by jurors so drawn
and summoned, and hence a proper case for an order changing
the place of trial was presented. If, under the circumstances
appearing in the case, fair and impartial jurors could not be
legally obtained in the County of Greenville, the accused could
not there obtain a fair and impartial trial; and if, as it like-
wise appears, these circumstances were likely to continue for
at least four years, it is quite clear that the accused could not
obtain that speedy trial guaranteed to him by the Constitution;
and hence it was not only the right, but the duty, of the Cir-
cuit Judge to grant the order changing the place of trial.

MR. JUSTICE McGOWAN. I concur. I think that the sworn
evidence that sustained the challenge to the array of petit
jurors was quite sufficient to authorize the transfer of the case
to the County of Anderson for trial.